ACCEPTED
01-15-00846-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/7/2015 11:36:46 PM
CHRISTOPHER PRINE
CLERK

01-15-00846-CV

CAUSE NO. ~~06-14-00123-CV~~

---

IN THE COURT OF APPEALS FOR
THE FIRST DISTRICT OF TEXAS AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/7/2015 11:36:46 PM
CHRISTOPHER A. PRINE
Clerk

---

PREDATOR DOWNHOLE, INC. and NANCY VERMEULEN,

Appellants

vs.

FLOTEK INDUSTRIES, INC.,

Appellee

---

**APPELLANTS' INTERLOCUTORY APPEAL OF DENIAL OF
SPECIAL APPEARANCES**

---

ANDREW L. MINTZ, PLLC
Andrew L. Mintz
SBOT No. 24037120
2603 Augusta, Suite 880
Houston, Texas 77057
PHONE: (713) 780-7100
FAX: (713) 780-7111

KIRTON McCONKIE
Ryan B. Frazier (*Pro Hac Vice*)
50 E. South Temple, Suite 400
Salt Lake City, Utah 84111
PHONE: (801) 328-3600
FAX: (801) 221-2087

**ATTORNEYS FOR APPELLANTS**

APPELLANTS REQUEST ORAL ARGUMENT

i

4851-2191-0817.v1

# IDENTITY OF PARTIES AND COUNSEL

**Appellants**: **Predator Downhole, Inc. and Nancy Vermeulen**

Appellants' Trial and Appellate Counsel

ANDREW L. MINTZ, PLLC
Andrew L. Mintz
SBOT No. 24037120
andrew@almintzlawfirm.com
2603 Augusta, Suite 880
Houston, Texas 77057
PHONE: (713) 780-7100
FAX: (713) 780-7111

KIRTON McCONKIE
Ryan B. Frazier (*Pro Hac Vice*)
rfrazier@kmclaw.com
50 E. South Temple, Suite 400
Salt Lake City, Utah 84111
PHONE: (801) 328-3600
FAX: (801) 221-2087

**Appellee:** **Flotek Industries, Inc.**

Appellee's Trial Counsel

BUCK KEENAN LLP
James P. Keenan
Texas Bar No. 11167850
jkeenan@buckkeenan.com
Edward P. Keenan
Texas Bar No. 24075504
tkeenan@buckkeenan.com
700 Louisiana, Suite 5100
Houston, Texas 77002
(713) 225-4500
(713) 225-3719 – Telecopier

4851-2191-0817.v1

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.........................................................ii

INDEX OF AUTHORITIES ........................................................................iv

STATEMENT OF THE CASE ......................................................................v

STATEMENT OF JURISDICTION.................................................................vi

ISSUES PRESENTED .................................................................................vii

I. SUMMARY OF THE FACTS AND ARGUMENT ………………………….1

II. STATEMENT OF FACTS………………………………………………….3

    A. Predator……………………………………………………………...3

    B. Nancy Vermeulen………………………………………………….....5

III. ARGUMENT AND AUTHORITIES ………………………………………..5

    A. Federal Due Process Requires that Predator and Ms. Vermeulen Have Minimum Contacts with Texas and that the Exercise of Personal Jurisdiction Over Predator and Ms. Vermeulen Comport with Fair Play and Substantial Justice ……………………………………………….5

    B. Predator Does not Have the Requisite Minimum Contacts with Texas to Give Rise to Personal Jurisdiction ……………………………………..6

        1. Predator Does not have Sufficient Contacts with Texas That Give Rise to Specific Jurisdiction…………………………………7

            a) Breach of Contract…………………………………10

            b) Conversion of Trade Secrets and Confidential Information, Trade Secret Misappropriation, and Tortious Interference with Appellee's Current and Prospective Business Relationships………………..11

4851-2191-0817.v1

c)       Civil Conspiracy …………………………………………12

d)       Conclusion …………………………………………………..14

2. Predator Does Not Have the Continuous and Systematic Contacts with Texas that Give Rise to General Jurisdiction………………15

C. Ms. Vermeulen Does not Have the Requisite Minimum Contacts with Texas that Would Subject Her to Personal Jurisdiction in Texas…........19

1. Ms. Vermeulen Does not Have Sufficient Contacts with Texas That Give Rise to Specific Jurisdiction…………………………20

2. Ms. Vermeulen Does not Have the Continuous and Systematic Contacts with Texas That Give Rise to General Jurisdiction……21

3. Texas Courts Cannot Exercise Jurisdiction Over Ms. Vermeulen for Actions Taken in a Representative Capacity ………………..22

IV.    Exercising Jurisdiction over Predator Would not Comport with Fair Play and Justice……………………………………………………………25

V.    Conclusion……………………………………………………………27

CERTIFICATE OF COMPLIANCE……………………………….............29

CERTIFICATE OF REVIEW …………………………………………...29

CERTIFICATE OF FILING AND SERVICE ………………………...29

4851-2191-0817.v1

# INDEX OF AUTHORITIES

**Cases**

*Aluminum Chems. (Bolivia), Inc. v. Bechtel Corp.,*
28 S.W.3d 64 (Tex.App.—Texarakana 2000, no pet.)…………………23, 24

*Am. Type Culture Collection,Inc. v. Coleman,*
83 S.W.3d 801 (Tex. 2002)…………………………………....7, 9, 19, 20

*Amoco Chem. Co. v. Tex. Tin Corp.,*
925 F.Supp. 1192, 1201 (S.D. Tex. 1996)…………………………………23

*Asahi Metal Indus. Co. v. Superior Court*,
480 U.S. 102 (1987)………………………………………………………….25

*BMC Software Belgium N.V. v. Marchand,*
83 S.W.3d 789 (Tex. 2002)…………………………………………….6, 8, 9

*Brown v. Gen. Brick Sales Co., Inc.*
39 S.W.3d 291 (Tex.App—Fort Worth 2001, no pet.)………………...22, 23

*Burger King Corp. v. Rudzewicz,*
471 U.S. 462 (1985)………………………………………………………25, 26

*Capital Fin. & Commerce AG v. Sinopec Overseas Oil & Gas, Ltd.,*
260 S.W.3d 67 (Tex.App—Houston [1st Dist.], 2008, no pet)…………..6, 12

*Cappuccitti v. Gulf Indus. Prods., Inc.,*
222 S.W.3d 468 (Tex.App.—Houston [1st Dist.] 2007, no pet.)…………...23

*Castleberry v. Branscum,*
721 S.W. 270 (Tex. 1986)………………………………………………...23, 24

*CSR Ltd. v. Link,*
925 S.W.2d 591 Tex. 1996)……………………………………………..10

*Frank A. Smith Sales, Inc. v. Atlantic Aero, Inc.,*
31 S.W.3d 742 (Tex.App.—Corpus Christi 2000, no pet.)………………...21

4851-2191-0817.v1

*Grain Dealers Mut. Ins. Co. v. McKee,*
    943 S.W.2d 455 (Tex. 1997)……………………………………………….23

*Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.,*
    815 S.W.2d 223 (Tex. 1991)……………………….6, 7, 8, 16, 22, 25, 26, 27

*Helicopteros Nacionales de Colombia, S.A. v. Hall,*
    466 U.S. 408, n. 9 (1984)…………………………………………………16, 17

*Kelly v. Gen. Interior Constr., Inc.,*
    301 S.W.3d 653 (Tex. 2010)………………………………...5, 7, 8, 9, 15, 20

*Lonza AG v. Blum,*
    70 S.W.3d 184 (Tex.App—San Antonio 2001, pet. denied)…………..26, 27

*MasterGuard L.P. v. Eco Techs. Intern. LLC,*
    441 S.W.3d 367 (Tex.App—Dallas, 2013, no pet.)………………………..13

*McKanna v. Edgar,*
    388 S.W.2d 927, 930 (Tex. 1965)……………………………………………...9

*Michiana Easy Livin' Country, Inc. v. Holten,*
    168 S.W.3d 777 (Tex. 2005)………………………………………...13, 14

*Moki Mac River Expeditions v. Drugg,*
    221 S.W.3d 569 (Tex.2007) …………………………………………...6, 9

*Nat'l Indus. Sand Ass'n v. Gibson,*
    897 S.W.2d 769 (Tex. 1995)……………………………...6, 7, 19, 20

*Perkins v. Benguet Consolidated Mining Co.,*
    342 U.S. 437 (1952)……………………………………………………..17

*Perna v. Hogan,*
    162 S.W.3d 648 (Tex.App—Houston [14th Dist.], 2005, no pet.)……........10

*PHC-Minden, L.P. v. Kimberly-Clark Corp.,*
    235 S.W.3d 163 (Tex. 2007)………………………………………...15, 16

4851-2191-0817.v1

*Retamco Operating, Inc. v. Republic Drilling Co.,*
    278 S.W.3d 333 (Tex. 2009)…………………………………………………………...9

*Rosenberg Bros. & Co. v. Curtis Brown Co.,*
    260 U.S. 516 (1923)……………………………………………………………….16

*Schlobohm v. Schapiro,*
    784 S.W.2d 355 (Tex. 1990) …………………………………………………..6

*Shearson Lehman Bros., Inc. v. Hughes, Hubbard & Reed,*
    902 S.W.2d 60 (Tex.App—Houston [1st Dist.], 1995, no writ)………..10, 11

*Siskand v. Villa Found. for Educ., Inc.,*
    642 S.W.2d 434 (Tex. 1982)………………………………………………….21

*Vosko v. Chase Manhatten Bank, N.A.,*
    909 S.W.2d 95 (Tex.App—Houston [14th Dist.], 1995, pet. denied)...12, 13, 22

*Washington DC Party Shuttle, LLC v. IGuide Tours,*
    406 S.W.3d 723 (Tex. Ct. App.—Houston [14th Dist.] 2013, pet. denied)...23

*Weldon-Francke v. Fisher,*
    237 S.W.3d 789 (Tex.App—Houston [14th Dist] 2007, no pet.)…………..14

**Statutes and Rules**

Tex. Civ. Prac. Rem.Code § 51.014(7)……………………………….….…ix

T.R.A.P. 9.4(i)(3)………………………………………………………...29

T.R.A.P. 52.3(j) ……………………………………………………………29

4851-2191-0817.v1

## STATEMENT OF THE CASE

Nature of the Case:    On September 2, 2015, the Harris County District Court entered an Order Denying Predator Downhole, Inc. and Nancy Vermeulen's Special Appearances.

Trial Court:    The Honorable Randy Wilson, Judge of the 157th District Court, Harris County, Texas.

Relief sought by Appellants:    The 157th District Court of Harris County issued a ruling denying the Special Appearances of Predator Downhole, Inc. and Nancy Vermeulen ("Appellants") despite the fact that Appellants are not Texas residents and both lack sufficient minimum contacts with Texas for the trial court to have personal jurisdiction over Appellants. Moreover, requiring the Appellants to appear in Texas for the lawsuit in the district court would not be consistent with federal due process and notions of justice and fair play.

4851-2191-0817.v1

## STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to hear this interlocutory appeal pursuant to Section 51.014(7) of the Texas Civil Practice and Remedies Code.

4851-2191-0817.v1

# ISSUES PRESENTED

1) Does Predator Downhole, Inc. ("Predator") Have the Requisite Minimum Contacts with Texas to Give Rise to Personal Jurisdiction?

2) Does Predator Have Sufficient Contacts with Texas to Give Rise to Specific Jurisdiction for any of Flotek's claims?

3) Does Predator Have the Continuous and Systematic Contacts with Texas that are Necessary to Give Rise to General Jurisdiction?

4) Does Nancy Vermeulen ("Ms. Vermeulen") Have the Requisite Minimum Contacts with Texas that Would Subject Her to Personal Jurisdiction in Texas?

5) Does Ms. Vermeulen Have Sufficient Contacts with Texas That Give Rise to Specific Jurisdiction?

6) Does Ms. Vermeulen Have the Continuous and Systematic Contacts with Texas that are Necessary to Give Rise to General Jurisdiction?

7) Can Texas Courts Exercise Jurisdiction Over Ms. Vermeulen for Actions Taken in a Representative Capacity?

8) Does Predator Have Sufficient Minimum Contacts with Texas so that the Exercise of Personal Jurisdiction Over it Fulfills the Federal Due Process Requirement of Fair Play and Substantial Justice?

9) Does Ms. Vermeulen Have Sufficient Minimum Contacts with Texas so that the Exercise of Personal Jurisdiction Over it Fulfills the Federal Due Process Requirement of Fair Play and Substantial Justice?

4851-2191-0817.v1

## I. SUMMARY OF THE FACTS AND ARGUMENT

Appellee Flotek Industries, Inc.'s ("Flotek" or "Appellee") claims against Appellants Predator Downhole, Inc. ("Predator") and Nancy Vermeulen ("Ms. Vermeulen") (collectively "Appellants") must be dismissed for lack of personal jurisdiction. The thrust of Flotek's live pleading, the Fourth Amended Petition and Application for Permanent Injunction (the "Live Petition"), is to drag Ms. Vermeulen and Predator – two Wyoming citizens with almost no contact with Texas – into a Texas court contrary to the deep-seated principles of constitutional due process. Neither Predator nor Ms. Vermeulen has the minimum contacts required by due process for Texas to be subjected to personal jurisdiction. Accordingly, Predator and Ms. Vermeulen should not be forced to defend themselves in a venue several states away.

Appellants Predator and Ms. Vermeulen each filed separate Special Appearances challenging the exercise of personal jurisdiction over them. Without any analysis or explanation, the District Court summarily denied both Special Appearances. The District Court's ruling simply explained: "After considering the pleadings, the response and any other evidence, the Court hereby orders that these special appearances are DENIED in their entirety." CR 287. Based on the evidence before the District Court, this was error.

4851-2191-0817.v1

Simply, Flotek failed to meet its burden to establish that under the circumstances of this case, personal jurisdiction exists over these defendants. Flotek's contention in opposition to the Special Appearances was based on the erroneous conclusions that (1) Predator and Ms. Vermeulen conspired with another defendant, Chris Vermeulen (Ms. Vermeulen's husband) and (2) Predator was created for the purpose of facilitating a breach of Chris Vermeulen's Bonus Agreement with Flotek. However, these arguments do not withstand scrutiny. Under established Texas case law, mere allegations of a conspiracy or tortious interference with contract will not confer personal jurisdiction. Flotek's only jurisdictional allegations in the Live Pleading – that Texas has jurisdiction because the alleged conspiracy makes Ms. Vermeulen and Predator subject to the forum-selection clause in the Bonus Agreement – fail as a matter of law.

Only proof of actual conduct in furtherance of a conspiracy *within Texas* will subject Ms. Vermeulen and Predator to jurisdiction in Texas. Neither Ms. Vermeulen nor Predator committed a tortious or conspiratorial act in Texas. Flotek provided no evidence to the contrary. Instead, Flotek claims that invoices with Integrity – a Texas company – and a handful of emails provide such evidence of the putative conspiracy or tortious interference. However, Flotek misreads and misconstrues the content and relevance of these emails and invoices. They do not show a conspiracy or that Chris Vermeulen had any business involvement in

4851-2191-0817.v1

Predator. Flotek's theories are mere conjecture that is directly contradicted by the only evidence about these emails and invoices – unrefuted deposition testimony by those actually involved.

Accordingly, the Court's ruling denying the Special Appearances should be reversed, and the defendants respectfully request that the court dismiss Ms. Vermeulen and Predator from this action for lack of personal jurisdiction.

## II.  STATEMENT OF FACTS

### A. *Predator*

Flotek's claims against Predator must be dismissed for want of personal jurisdiction because the undisputed facts demonstrate that Texas does not have either specific or general jurisdiction over Appellant. Predator is a small company that rents, sells, and services downhole drilling motors and related products and parts.  CR 138. It has only six (6) employees, which are all located in and work at Predator's facility in Casper, Wyoming. *Id.*  It provides its services and products to oil drilling companies located in Wyoming, North Dakota, and Colorado. *Id.*  at 139. One of its primary services is to repair oil drilling motors. All of these repairs occur in Predator's Casper, Wyoming shop.

Predator does not have the contacts or a relationship with Texas that would subject it to jurisdiction in Texas.  First, Predator has no presence or operations in Texas.  It is a corporation organized and operating under the laws of the State of

4851-2191-0817.v1

Wyoming with its principal place of business located in Casper, Wyoming. CR 138. In addition, Predator: a) never has had an office or mailing address in Texas; b) is not licensed to do business in the Texas; c) never conducted any operations in Texas; d) has no employees in Texas; e) does not send representatives to Texas on Predator's behalf; f) does not store product inventory in Texas; g) owns no property (real or personal) in Texas; h) has no phone listing in Texas; i) provides virtually all of its sales, rentals and services of motors to customers only in Wyoming, Colorado, or North Dakota; j) does not ship motors to Texas; k) directed its communications only to its customers' agents/representatives located in Wyoming, Colorado and/or North Dakota; l) does not solicit business in Texas; m) does not derive any revenues from motors shipped to a Texas address or serviced any motors or other equipment in Texas; n) has no bank accounts in Texas; o) has never had any employees and/or representatives who resided in, who were assigned to, or who worked in Texas; q) has not sent any of its employees/representatives to Texas for any reason; r) it does not have a registered agent in Texas; and s) it does not store any business records in Texas. CR 138-141.

Further, Flotek's Complaint fails to allege facts or claims that would subject Predator to jurisdiction in Texas. Predator is not a party to the Bonus Agreement that is the subject of the underlying dispute in this matter. CR 13-19. In addition, it has not consented to Texas courts exercising jurisdiction over it. In short, these

4851-2191-0817.v1

facts demonstrate that, under both Texas and Federal law, Texas does not have personal jurisdiction over Predator.

### B. Nancy Vermeulen

Flotek's claims against Ms. Vermeuelen must be dismissed for want of personal jurisdiction because the facts demonstrate that Texas does not have either specific or general jurisdiction over Ms. Vermeulen. She does not reside in Texas, owns no property in Texas, does not engage in <u>any</u> personal or business activity on her own behalf, and (with the exception of a trip she recently made for a mediation *after* her Special Appearance was denied) has traveled to Texas only a handful of times years ago for training offered by and on behalf and for the benefit of her former employer. CR 104-105. The last time she came to Texas for training purpose on behalf of her former employer was approximately three years ago. *Id.* at 105.

## III. ARGUMENT AND AUTHORITIES

### A. *Federal Due Process Requires that Predator and Ms. Vermeulen Have Minimum Contacts with Texas and that the Exercise of Personal Jurisdiction Over Predator and Ms. Vermeulen Comport with Fair Play and Substantial Justice.*

Whether a court can exercise personal jurisdiction over Predator is a question of law, and thus the trial court's determination of Predator's special appearance is reviewed de novo. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 657

4851-2191-0817.v1

(Tex. 2010) (citing *Moki Mac River Expeditions v. Drugg,* 221 S.W.3d 569, 574 (Tex.2007); *BMC Software Belgium N.V. v. Marchand,* 83 S.W.3d 789, 794)

A Texas court may only exercise personal jurisdiction over a defendant if it would be consistent with federal constitutional requirements of due process. *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991). Personal jurisdiction is consistent with due process if 1) the defendant has purposely established "minimum contacts" with Texas; and 2) the exercise of personal jurisdiction comports with "fair play and substantial justice." *Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 772 (Tex. 1995); *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991).

In this case, Flotek has not met its burden of establishing that Vermeulen or Predator has contacts with Texas sufficient to invoke the jurisdiction of the Texas courts. *See Capital Fin. & Commerce AG v. Sinopec Overseas Oil & Gas, Ltd.*, 260 S.W.3d 67, 78-79 (Tex.App. – Houston [1ˢᵗ Dist], 2008, no. pet.) (recognizing that in "suit against a nonresident defendant, the initial burden is on the plaintiff … to plead sufficient allegations" to satisfy the jurisdictional requirements).

### B. Predator Does not Have the Requisite Minimum Contacts with Texas to Give Rise to Personal Jurisdiction

The essential goal of the minimum contacts test is to protect the defendant. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990). Thus, the defendant's

minimum contacts must constitute a "substantial connection" between the defendant and Texas. *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 231 (Tex. 1991). A defendant is not subject to jurisdiction if his Texas contacts are random, fortuitous or attenuated. *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002). To be subject to personal jurisdiction the defendant must have sufficient minimum contacts with Texas such that he could reasonably anticipate that his activities would subject him to the jurisdiction of a Texas court. *Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 772 (Tex. 1995).

For personal jurisdiction purposes, the minimum contacts requirement can be satisfied by showing that either specific or general jurisdiction exists. *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 227-228 (Tex. 1991). Specific jurisdiction arises only when: 1) the defendant "purposefully avails" himself of conducting activities in Texas; and 2) the cause of action "arises from or is related to those contacts or activities." *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010) (emphasis added). General jurisdiction arises if the defendant's contacts with Texas are so "continuous and systematic" that the defendant can fairly be said to be present in Texas. *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 228

4851-2191-0817.v1

(Tex. 1991). As the evidence demonstrates conclusively, neither Predator nor Ms. Vermeulen is subject to either specific or general jurisdiction in Texas.

1. Predator Does not Have Sufficient Contacts with Texas That Give Rise to Specific Jurisdiction.

Predator has virtually no contacts with Texas. CR 138-141. It does not solicit any business in Texas, does not maintain any operations in Texas, derives no revenue from services provided in Texas, and does not maintain a presence in Texas. *Id*. At most, Appellant's contact with Texas is random, and it has not purposefully availed itself of conducting activities in Texas or of Texas' laws. Consequently, there are no minimum contacts that would support a finding of personal jurisdiction over Predator.

Even if Predator had "purposefully availed" itself of conducting activities in Texas (and it has not), Appellee must also demonstrate a connection between Predator's alleged wrongdoing and Texas. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 655 (Tex. 2010). For a court in Texas to have specific jurisdiction, Predator must have: 1) purposefully availed itself of conducting activities in Texas and 2) the cause of action against Defendants must arise from or be related to their contacts with or activities in Texas. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010) (emphasis added). Moreover, Texas law has established that the plaintiff bears the initial burden to plead sufficient allegations to bring a nonresident defendant within the reach of Texas's long-arm statute. *Id.*

                                    4851-2191-0817.v1

(citing *See Retamco Operating, Inc. v. Republic Drilling Co.,* 278 S.W.3d 333, 337 (Tex.2009); *Moki Mac River Expeditions v. Drugg,* 221 S.W.3d 569, 574 (Tex. 2007); *Am. Type Culture Collection, Inc. v. Coleman,* 83 S.W.3d 801, 807 (Tex.2002); *BMC Software Belgium N.V. v. Marchand,* 83 S.W.3d 789, 793 (Tex. 2002); *McKanna v. Edgar,* 388 S.W.2d 927, 930 (Tex.1965)).

If the plaintiff fails to plead facts bringing a defendant within reach of the long-arm statute (i.e., for a tort claim, that the defendant committed tortious acts in Texas), the defendant need only prove that it does not live in Texas to negate jurisdiction. *Id.* at 658-59. Assuming *arguendo* that Appellee's allegations against Predator in its Live Petition are true (and they are not), Appellee has not pled that Appellee's causes of action against Predator **occurred in Texas**. Furthermore, it is undisputed that Predator is not located in Texas. CR 138-141. Because Flotek's pleadings lack Texas-specific allegations[1], Predator has negated all jurisdictional bases by proving it is not located in Texas, and Flotek has not presented any evidence to the contrary. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 661 (Tex. 2010) Consequently, Texas lacks personal jurisdiction over Predator. *Id.*

Even if Predator had committed a tort that impacted a Texas company, i.e., Flotek, (and it did not), this fact alone does not give rise to personal jurisdiction

---

[1] Flotek baldly asserts that Texas has jurisdiction because Predator's contacts with Texas "are directly related to the causes of action alleged against them in this petition". CR 293.However, Flotek does not plead any specific facts that, if proven, would show that Predator's Texas contacts "are directly related to the causes of action alleged against them in this petition".

4851-2191-0817.v1

over a non-resident. *Perna v. Hogan*, 162 S.W.3d 648, 659 (Tex.App—Houston [14th Dist.], 2005, no pet.) For the trial court to have personal jurisdiction over Predator, there must be a substantial connection between its contacts with Texas and the Appellee's cause of action. *Id*. Predator's actions must have been "purposefully directed" to Texas and Flotek's litigation against Predator must result from the alleged injuries that "arise out of or relate to" those actions that were "purposefully directed" to Texas. *Shearson Lehman Bros., Inc. v. Hughes, Hubbard & Reed*, 902 S.W.2d 60, 64-65 (Tex.App—Houston [1st Dist.], 1995, no writ). "Specific jurisdiction is established if the defendant's alleged liability arises from or is related to an activity conducted within the forum." *CSR Ltd. v. Link*, 925 S.W.2d 591, 595 (Tex. 1996).

In the instant case, Flotek has established no connection (let alone a "substantial connection") between Predator's activities in Texas and its alleged liability for the claims brought by Flotek. Thus, Texas cannot properly exercise specific jurisdiction over Predator.

### a) Breach of Contract

It is undisputed that Predator did not sign the Bonus Agreement. It is axiomatic that a party cannot breach a contract to which it is not a party. Consequently, Flotek cannot maintain a claim against Predator for Chris Vermeulen's alleged breach of the Bonus Agreement. More importantly, none of

4851-2191-0817.v1

the provisions of this Bonus Agreement are applicable to Predator. As such, the forum-selection provision that provides that Texas will be the location for any legal action brought to enforce the Bonus Agreement cannot be binding on Predator. CR 18.

> b) <u>Conversion of Trade Secrets and Confidential Information, Trade Secret Misappropriation, and Tortious Interference with Appellee's Current and Prospective Business Relationships.</u>

In its response to Predator's Special Appearance, Flotek focused on Predator's relationship with Integrity, asserting that this relationship was sufficient to confer specific jurisdiction. CR 226-227. It is undisputed that Predator has a relationship with Integrity, but that fact alone does not provide a basis for specific jurisdiction. Specific jurisdiction can be predicated on this relationship only if: 1) Appellee's claims against Predator arose from Predator's business with Integrity and 2) if Predator directed its business with Integrity to Texas. *See Shearson Lehman Bros., Inc. v. Hughes, Hubbard & Reed*, 902 S.W.2d 60, 64-65 (Tex.App—Houston [1st Dist.], 1995, no writ). Appellee cannot make either showing.

Flotek has provided no competent evidence that Predator's relationship with Integrity gave rise to Appellee's claims against Predator for Conversion of Trade Secrets and Confidential Information, Trade Secret Misappropriation, and Tortious

4851-2191-0817.v1

Interference with Appellee's Current and Prospective Business Relationships. The only "evidence" that Appellee cites for each of these claims is its speculative assertion that "Predator utilizes Flotek's proprietary and confidential information, including Confidential Information as described in the Bonus Agreement to directly compete with Flotek." CR 296. Even if this allegation were true (and it is not), it is nevertheless insufficient to establish specific jurisdiction over Predator because its alleged conversion of trade secrets and confidential information, trade secret misappropriation, and tortious interference with Flotek's current and prospective business relationships that Predator allegedly used to secure Integrity's business would have occurred in Wyoming, not Texas. C.R. 138-141.

c)    Civil Conspiracy

Flotek has not shown that conspiracy allegations constitute a basis for jurisdiction over either Ms. Vermeulen or Predator. "A civil conspiracy is a combination by two or more persons to accomplish either an unlawful purpose or a lawful purpose by unlawful means." *Vosko v. Chase Manhattan Bank, N.A.*, 909 S.W.2d 95, 100 (Tex. App—Houston [14th Dist], 1995, pet. denied).

However, black-letter Texas law is clear that allegations of a nonresident being involved in a conspiracy does not confer personal jurisdiction on a Texas court. *See Capital Fin. & Commerce AG v. Sinopec Overseas Oil & Gas, Ltd.*, 260 S.W.3d 67, 78-79 (Tex. App—Houston [1st Dist] 2008, no pet.) ("[B]are

allegations of . . . conspiracy, without more, [is] neither material nor relevant in assessing contacts to determine personal jurisdiction over a nonresident defendant."); *MasterGuard L.P. v. Eco Techs. Intern. LLC*, 441 S.W.3d 367, 376 (Tex. App—Dallas 2013, no pet.) ("A conspiracy claim alone is not enough to establish personal jurisdiction."). The Texas Supreme Court has declined "to recognize the assertion of personal jurisdiction over a nonresident defendant based solely upon the effects or consequences of an alleged conspiracy with a resident in the forum state." Instead, a Texas court can exercise jurisdiction only where the "nonresident defendant has purposefully established sufficient minimum contacts to satisfy due process." *Vosko v. Chase Manhattan Bank, N.A.*, 909 S.W.2d 95, 100 (Tex. App. —Houston [14th Dist] 1995, pet. denied); *see also Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 789 (Tex. 2005) ("Instead, it is 'the defendant's conduct and connection with the forum' that are critical.").

Taken alone, Flotek's allegations that Ms. Vermeulen, Predator, and Chris Vermeulen acted in concert to set up Predator to compete in violation of the non-compete provision in the Bonus Agreement are insufficient to subject Predator or Ms. Vermeulen to personal jurisdiction in Texas.

Appellee has provided no evidence that Predator's relationship with Integrity gave rise to the conspiracy claim against Predator. The only "evidence" that Appellee cites to support this claim is its speculative assertion that Predator was

established to "to circumvent the Bonus Agreement, to misappropriate Flotek's trade secrets, and to tortiously interfere with Flotek's current and prospective customers." C.R. 298-299. Even if this allegation were true (and it is not), it is still insufficient to establish specific jurisdiction over Predator because the alleged conspiracy would have been created and carried out in Wyoming, not Texas. C.R. 138-141. Flotek has not alleged that Vermeulen or Predator committed a substantial act in furtherance of the conspiracy in Texas, and the trial court did not make a finding of fact that there was a conspiracy or that any specific act was taken in Texas in furtherance of the conspiracy alleged by Flotek.

In addition, Appellee cannot use any potential tort liability for the alleged civil conspiracy as grounds for personal jurisdiction. Under Texas law, ultimate liability in tort is not a jurisdictional fact, and the merits of Flotek's claims are not at issue in determining whether the Court has personal jurisdiction over Predator. *Weldon-Francke v. Fisher*, 237 S.W.3d 789, 792 (Tex. App—Houston [14th Dist] 2007, no pet.). In fact, the Texas Supreme Court has expressly rejected jurisdiction based solely upon the effects or consequences of an alleged conspiracy in the forum state. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 789 (Tex. 2005). "Instead, it is 'the defendant's conduct and connection with the forum' that are critical." *Id.* In the instant case, Predator's conduct and connection

with Texas fall well short of what is required for Texas to exercise jurisdiction over Predator on the basis of the alleged civil conspiracy.

d) Conclusion

Appellee has not, and cannot, allege that Predator has any specific contacts with the State of Texas. As stated previously, for specific jurisdiction to exist, Appellee must demonstrate that Predator 1) purposefully availed itself of conducting activities in Texas and 2) the cause of action against Defendant must arise from or be related to their contacts with or activities in Texas. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010) Not only has Appellee failed to show that Predator purposefully conducted activities in Texas, it has not demonstrated that its causes of action against Predator (breach of contract, conversion of trade secrets and confidential information, trade secret misappropriation, tortious interference with current and prospective business relationships, and civil conspiracy) arise out of any contacts Predator has with Texas. CR 292-308. In short, the evidence shows conclusively that Appellee has failed to establish specific jurisdiction.

2. Predator Does Not Have the Continuous and Systematic Contacts with Texas That Give Rise to General Jurisdiction.

General jurisdiction has been defined as "personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum." *PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 166 (Tex.

15

4851-2191-0817.v1

2007) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, n. 9 (1984)). Because Predator has very few contacts with Texas, it clearly does not have "continuous and systematic" contacts with Texas that would subject it to general jurisdiction. *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 228 (Tex. 1991). To assert general jurisdiction over a defendant, usually the defendant must be engaged in longstanding business in Texas, such as regularly marketing or shipping products to Texas or maintaining one or more offices in Texas. *PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 168 (Tex. 2007). Less extensive activities will not qualify for general jurisdiction. *Id*.

In *Helicopteros,* the Supreme Court concluded that a CEO's trip to Texas could not be described as a "continuous or systematic" contact." *Id.* (citing *Id*. at 416). Similarly, the Court held that the nonresident defendant's acceptance of checks drawn on a Houston bank was of "negligible significance." *Id.* "The Court held, relying on a 1923 unanimous opinion written by Justice Brandeis, that 'purchases and related trips, standing alone, are not a sufficient basis for a State's assertion of jurisdiction'." *Id*. (citing *Id.* at 417, 104 S.Ct. 1868 (citing *Rosenberg Bros. & Co. v. Curtis Brown Co.,* 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372 (1923))).

16

As of 2007, there was only one case (*Perkins v. Benguet Consolidated Mining Co.*) in which Supreme Court upheld a finding of general jurisdiction. In that case, the following was true of the nonresident individual: 1) he maintained an office in the forum state in which he did "many things for the company;" 2) he maintained the company files in the forum state; 3) carried on correspondence from the forum state; 4) drew and distributed salary checks from his office in the forum state; 5) used two bank accounts in the forum state for company funds and 6) had a bank in the forum state act as transfer agent for the company's stock; 7) held directors' meetings in the forum state; 8) supervised policies dealing with the rehabilitation of the corporation's properties in the Philippines in the forum state; and 9) and dispatched funds from bank accounts in the forum state to cover purchases of machinery for such rehabilitation. *Perkins v. Benguet Consolidated Mining Co.,* 342 U.S. 437, 447-448, 72 S.Ct. 413, 96 L.Ed. 485 (1952).

In the instant case, Predator's does not even have as many contacts as the nonresident defendant in the *Helicopteros* case, let alone the defendant in the *Benguet Consolidated Mining Co.* case. In this case, Predator: 1) is a corporation organized and operating under the laws of the State of Wyoming; 2) has its principal place of business located at 1990 Talc Road, Casper, Wyoming, 82604; 3) has an office only in Wyoming and maintains a mailing address in Vernal, Utah. 4) it does not have and never has had an office in Texas; 5) does not currently

4851-2191-0817.v1

have, and never has had, a mailing address in Texas; 6) has not been licensed to conduct business in Texas; 7) does not maintain, and it has not maintained, any operations in Texas; 8) at no time has had any employees or representatives who resided in, were assigned to, or worked in Texas; 9) has not had any of its employees or representatives travel to Texas on Predator's behalf or on company business; 10) does not have and has not had a registered agent in Texas; 11) does not have and has not had any inventory stored in Texas; 12) does not have and has not had any phone listings in Texas; 13) does not currently own and has not owned any property, real or personal, in Texas; 14) sales, rentals, and services of motors have been provided to customers only in Wyoming, Colorado, or North Dakota; 15) has not solicited business in Texas; 16) does not currently receive and has not received revenues for motors shipped to a Texas address or serviced any motors or other equipment in Texas; 17) business records, corporate records, and other records are not and have not been stored in Texas; 18) business records, corporate records, and records relating to the marketing and development of its products are located in Casper, Wyoming; 19) does not have and has not had any bank accounts in Texas; 20) was not personally served with process within Texas; 21) received a document from the Texas Secretary of State stating that the Texas Secretary of State had been served in this lawsuit on behalf of Predator; and 22) has not agreed to subject itself to the jurisdiction of the courts of the State of Texas. C.R. 268-271

18

These facts make it clear that Predator does not have "continuous or systematic" contacts with Texas. In addition, Predator has not had sufficient minimum contacts with Texas such that it could reasonably anticipate being subject to the jurisdiction of a Texas court. *Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 772 (Tex. 1995). This case is significant because: a) the facts in that case are similar to the facts in the instant case[2] and b) the Court ruled that there was insufficient evidence to establish general jurisdiction. *Id*. at 774. Similarly, there is insufficient evidence to establish general jurisdiction in the instant case. Consequently, Predator is not subject to either specific or general personal jurisdiction.

### C. Ms. Vermeulen Does not Have the Requisite Minimum Contacts with Texas that Would Subject Her to Personal Jurisdiction in Texas.

As stated previously, a nonresident defendant is not subject to jurisdiction if her Texas contacts are random, fortuitous, or attenuated. *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002). To be subject to

---

[2] The nonresident defendant presented undisputed evidence that it:
    1. Is not and never has been a resident of Texas;
    2. Is not required to maintain and has never maintained a registered agent for service in Texas;
    3. Does not maintain, and has never maintained a place of business in Texas;
    4. Does not have, and has never had any employees or agents in Texas;
    5. Has never maintained an office, mailing address, or telephone number in Texas;
    6. Has never owned any assets in Texas;
    7. Has never paid any taxes in Texas;
    8. Has never maintained a bank account in Texas;
    9. Has never owned, leased, rented, or controlled any real or personal property in Texas;
    10. Has never purchased any tangible items or other personal property in Texas or from a Texas business, citizen, or resident;
    11. Has never entered into a contract with any Texas business, citizen, or resident; and
    12. Has never held a Board of Directors, officers, or other official meeting in Texas. (*Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 772 (Tex. 1995)).

personal jurisdiction the defendant must have sufficient minimum contacts with Texas such that she could reasonably anticipate that her activities would subject her to the jurisdiction of a Texas court. *Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 772 (Tex. 1995). In the instant case, Ms. Vermeulen's contacts fall far short of what is required for the district court to exercise personal jurisdiction.

1. <u>Ms. Vermeulen Does not Have Sufficient Contacts with Texas That Give Rise to Specific Jurisdiction.</u>

Ms. Vermeulen, like Predator, is not subject to specific jurisdiction in this case. She has not engaged in any actions or activities in Texas that give rise to the claims asserted against her. *See Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010) (holding that specific jurisdiction over the claim against Defendants must arise from or be related to their contacts with or activities in Texas).

Ms. Vermeulen is not a party to the Bonus Agreement, the contract that is at issue in the underlying litigation, and she has only been in Texas a handful of times. CR 105. Furthermore, these prior visits to Texas were for training purposes on behalf of a former employer and had nothing to do with any of the claims or allegations that have been brought by Flotek. *Id*. Consequently, these prior visits fit squarely within the framework of random, fortuitous or attenuated visits that do not subject her to Texas jurisdiction. *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002).

4851-2191-0817.v1

Further, she has not taken any actions in furtherance of the alleged tortious interference or the putative conspiracy in Texas. Ms. Vermeulen has never traveled to Texas on behalf of her current employer, Predator. In fact, she has not set foot in Texas for nearly three (3) years, and she has never agreed to subject herself to the jurisdiction of this Court or any other court located in Texas. CR 104-105 Accordingly, Ms. Vermeulen has not purposefully availed herself of Texas or Texas laws. As such, there are no minimum contacts that would support a finding of specific personal jurisdiction over her.

In fact, the Live Pleading fails to adequately plead any actions that Ms. Vermeulen has taken in Texas giving rise to any of the claims at issue. To meet its burden of pleading a sufficient basis for personal jurisdiction, Flotek must allege that Ms. Vermeulen committed a specific act in Texas. *See Siskind v. Villa Found. for Educ., Inc*., 642 S.W.2d 434, 437 (Tex. 1982) (finding no personal jurisdiction over nonresident defendants because there were no allegations of specific acts in Texas). Thus, Flotek's petition falls well short of pleading sufficient allegations to show jurisdiction in Texas. *Frank A. Smith Sales, Inc. v. Atlantic Aero, Inc.,* 31 S.W.3d 742, 747 (Tex. App. – Corpus Christi 2000, no pet.).

2. Ms. Vermeulen Does Not Have the Continuous and Systematic Contacts with Texas That Give Rise to General Jurisdiction.

Ms. Vermeulen, a Wyoming citizen, has virtually no contacts with Texas, much less "continuous and systematic" contacts that would give rise to jurisdiction

21

over her.  *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 228 (Tex. 1991).  She does not own or rent real property in Texas.  She does not own or operate any business in Texas.  She does not engage in any personal or business activities in Texas.  She does not have a mailing address in Texas or phone listings in Texas.  She owns no assets in Texas.  All told, she does not have the type and nature of contacts that would give rise to general personal jurisdiction over her in Texas. CR 104-106.

> 3. <u>Texas Courts Cannot Exercise Jurisdiction Over Ms. Vermeulen for Actions Taken in a Representative Capacity.</u>

Flotek argued to the trial court that Ms. Vermeulen had "continuous and systematic contacts with Texas companies that helped Predator improperly compete with Flotek." CR 229. As shown above, the Texas courts do not have personal jurisdiction over Predator. Even if they did, Ms. Vermeulen's limited contacts with Texas taken in a representative capacity do not subject her personally to jurisdiction in Texas. "[J]urisdiction over an individual generally cannot be based on jurisdiction over a corporation with which he is associated unless the corporation is the alter ego of the individual." *Vosko v. Chase Manhattan Bank, N.A.*, 909 S.W.2d 95, 99 (Tex. App—Houston [14th Dist] 1995, writ denied).  In addition, the fiduciary shield doctrine provides that corporate officers are not subject to jurisdiction in a foreign forum where their actions are taken in a representative capacity. *Brown v. Gen. Brick Sales Co., Inc.,* 39 S.W.3d 291, 297–

98 (Tex.App.—Fort Worth 2001, no pet.) (citing *Amoco Chem. Co. v. Tex. Tin Corp.*, 925 F.Supp. 1192, 1201 (S.D. Tex. 1996)).

Flotek has not shown that Ms. Vermeulen had any contacts with Texas other than as a representative of Predator or her former employer. Instead, Flotek argued to the District Court that Ms. Vemeulen was Predator's alter ego.[3] "Alter ego is a basis for disregarding the corporate fiction 'where a corporation is organized and operated as a mere tool or business conduit of another corporation.'" *Aluminum Chems. Bolivia ,Inc. v. Bechtel Corp.*, 28 S.W.3d 64, 67 (Tex. App. – Texarkana 2000, no pet.) (quoting *Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex. 1986)). However, "[u]nder Texas law, a corporation is presumed to be a separate entity from its officers and shareholders." *Washington DC Party Shuttle, LLC v. IGuide Tours*, 406 S.W.3d 723, 938 (Tex. Ct. App. – Houston [14th Dist.] 2013, pet. denied); *see also Grain Dealers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455, 458 (Tex. 1997). "As a result, a plaintiff who relies on the existence of an alter-ego relationship to ascribe one defendant's contacts with Texas to a nonresident must prove such a relationship exists." *Washington DC Party Shuttle, LLC v. IGuide Tours*, 406 S.W.3d 723, 738 (Tex. Ct. App. – Houston (14th Dist.) 2013, pet. denied) (citing *Cappuccitti v. Gulf Indus. Prods., Inc.,* 222 S.W.3d 468, 482

---

[3] The District Court did not make any findings of fact or conclusions of law that Ms. Vermeulen was Predator's alter ego. *See* CR 287.

4851-2191-0817.v1

(Tex.App.-Houston [1st Dist.] 2007, no pet.). Flotek has failed to make such a showing.

The alter-ego theory "applies 'when there is such a unity between corporation and individual that the separateness of the corporation has ceased and holding only the corporation liable would result in injustice.'" *Aluminum Chems. (Bolivia), inc. v. Bechtel Corp.*, 28 S.W.3d 64, 67 (Tex. App. – Texarkana 2000, no pet.)) (quoting *Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex. 1986)). It is shown "from the total dealings of the corporation and the individual, including the degree to which . . . corporate and individual property have been kept separately, the amount of financial interest, ownership and control the individual maintains over the corporation, and whether the corporation has been used for personal purposes.'" *Id.*

In this case, Flotek failed to allege alter ego in the Live Pleading, and there is no evidence in the record to support Flotek's argument that Ms. Vermeulen is Predator's alter ego. Instead, Flotek baldly made that argument, citing no supporting evidence. CR 229. Not only is the record devoid of any evidence, the assertion is contrary to the record evidence. Ms. Vermulen has only a minority interest in Predator, owning only 20 percent and being only one of five (5) owners. CR 274. She does not have a controlling interest. *See id*. Flotek provided no evidence that she has any financial interest greater than her relative ownership

4851-2191-0817.v1

percentage. There is certainly no evidence that she used the monies of the company as her own or for her personal purposes. In short, there is simply no evidence to overcome the presumption that Ms. Vermeulen was separate from Predator. Therefore, Ms. Vermeulen's limited contacts with Texas taken in a representative capacity do not subject her to jurisdiction in Texas.

## IV. Exercising Jurisdiction over Predator Would not Comport With Fair Play and Justice

Even if the Court were to decide that Predator and/or Ms. Vermeulen purposefully established minimum contacts with Texas, those contacts must still be evaluated in light of other factors to determine whether the assertion of personal jurisdiction over them comports with fair play and substantial justice. *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 228 (Tex. 1991) (citing *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 113–15, 107 S.Ct. 1026, 1033–34, 94 L.Ed.2d 92, 105 (1987); *Burger King Corp. v. Rudzewicz,* 471 U.S. at 462, 476, 105 S.Ct. 2174, 2184 (1985). Only after a court determines that a nonresident defendant has purposefully established minimum contacts with the forum state — and neither Predator and Ms. Vermeulen have done so — will the court evaluate these contacts in light of other factors to determine whether the assertion of personal jurisdiction comports with fair play and justice. *Id*. These factors include: 1) the burden on the defendant, 2) the interests of the forum state in adjudicating the dispute, 3) the plaintiff's interest in

obtaining convenient and effective relief, 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and 5) the shared interest of the several States in furthering fundamental substantive social policies. *Id.*

Fundamentally, the Court need not engage in this analysis because neither Predator nor Ms. Vermeulen have minimum contacts with Texas. However, in addition to the foregoing, these five (5) factors also militate against the exercise of jurisdiction over Predator and Ms. Vermeulen. As for the first factor, the burden to these defendants in defending this case is substantial. Predator, a company of six (6) employees, and Ms. Vermeulen are forced to defend themselves in a venue many states and approximately 1,300 miles away. Predator would need to send one or more representatives to Texas to attend court proceedings, and this would unduly disrupt Predator's business and operations. The cost and time associated with such travel are considerable, as would be the lost business opportunities for Predator. With respect to the second and third factors, Texas has little interest in providing a forum to litigate a dispute between Appellee and complete strangers, especially when there are other, less burdensome forums for Appellee to bring its claims. *Lonza AG v. Blum*, 70 S.W.3d 184, 193 (Tex. App.--San Antonio 2001, pet. denied) (holding that the exercise of long-arm jurisdiction would not comport with fair play and justice after noting that evidence existed outside the subpoena

4851-2191-0817.v1

power of the court). It is important to note that Appellee also conducts business in Wyoming.  CR 296 Consequently, there is no reason why this dispute cannot be litigated in Wyoming, a forum where Flotek, Predator, and Ms. Vermeulen all have a presence.[4] *Id*. Finally, any interests of factors 4 and 5 do not outweigh the mandate from factors 1, 2, and 3 not to exercise jurisdiction over Predator or Ms. Vermeulen.

In short, it would offend traditional notions of fair play and substantial justice if Texas asserted jurisdiction over these defendants. As such, Flotek's claims against Predator and Ms. Vermeulen should be dismissed. *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 232-233 (Tex. 1991) (finding that it would offend traditional notions of fair play and justice to subject a nonresident defendant to personal jurisdiction in Texas because it would be burdensome for the defendant to submit to a foreign judicial system when the alleged acts occurred outside of Texas).

## V.    CONCLUSION

Predator and Ms. Vermeulen respectfully request that the district court's ruling denying Appeallants' Special Appearances be reversed. Ms. Vermeulen and Predator further request that they be dismissed from the action in the trial court for lack of personal jurisdiction.

---

[4] In fact, the only other party to this lawsuit, Chris Vermeulen, lives in Casper, Wyoming, and would be subject to personal jurisdiction in Wyoming.

Respectfully submitted,

ANDREW L. MINTZ, PLLC

*/s/ Andrew L. Mintz*
Andrew L. Mintz
SBOT No. 24037120
2603 Augusta, Suite 880
Houston, Texas 77057
PHONE: (713) 780-7100
FAX: (713) 780-7111

KIRTON MCCONKIE
Ryan B. Frazier (pro hac vice)
50 E. South Temple, Suite 400
Salt Lake City, Utah 84111
PHONE: (801) 328-3600
FAX: (801) 221-2087

**ATTORNEYS FOR DEFENDANT
PREDATOR DOWNHOLE, INC.**

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this computer generated document is printed in 14-point typeface and contains 6591 words, including footnotes, but not including the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, signature, proof of service, certification, and certificate of compliance.

/s/ Andrew L. Mintz
Andrew L. Mintz

## CERTIFICATE OF REVIEW

Pursuant to Texas Rule of Appellate Procedure 52.3(j), I hereby certify that I have reviewed the Petition for Writ of Mandamus and concluded that every factual statement in the petition is supported by competent evidence included in the record.

/s/ Andrew L. Mintz
Andrew L. Mintz

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that this document was filed with Clerk of Court through the Court's electronic filing system ("efs") and served on Appellee's opposing counsel by the same, or by regular U.S. mail if Appellee's opposing counsel is not enrolled to receive service by efs, on December 7, 2014.

/s/ Andrew L. Mintz
Andrew L. Mintz

4851-2191-0817.v1